

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:09 CV 01102 DAK |
| Petitioner, | : | **REPORT AND RECOMMENDATION** |
| v. | : | |
| PAUL K. CROMAR, | : | District Judge Dale A. Kimball<br>Magistrate Judge Samuel Alba |
| Respondent. | : | |

The United States of America filed a petition to enforce its August 31, 2009, IRS Summons ("the Summons," Docket No. 2) pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). Judge Dale A. Kimball issued an Order of Referral and Order to Show Cause on January 14, 2010 (Docket No. 3), which referred this matter to the undersigned under 28 U.S.C. § 636(b)(3) and directed the undersigned to hear the evidence and make a written recommendation to the District Court for proper disposition. *See United States v. Jones*, 581 F.2d 816, 817 (10th Cir. 1978) (referring IRS summons enforcement to magistrate judge under 28 U.S.C. § 636(b)(3)).

The Order to Show Cause ("OTSC") directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within fourteen (14) days of the OTSC being served upon him. The OTSC informed Respondent that only those issues raised in the written response and supported by sworn affidavits would be considered by the Court and that all allegations in the Petition not contested by the written response and sworn statements would be deemed admitted. *See United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d

1440, 1444 (10th Cir. 1985). The OTSC also directed the undersigned to convene a hearing on March 9, 2010, at 9:30 a.m. to hear any arguments that would assist the undersigned in determining whether Respondent had shown cause.

Respondent filed various documents on February 22, 2010, and March 9, 2010.[1] Although his arguments are not entirely clear, he seems to assert that: (1) The United States' income tax laws apply only to the District of Columbia and territories of the United States (*see, e.g.,* Request for CLARIFICATION, Attachment A, Exhibit 1, pp. 5-8); (2) He is not a "person" or "taxpayer" under the Internal Revenue Code, (*id.*, Attachment A, pp. 2-6) ; (3) Wages of non-federal employees are not taxable (*id.*, Attachment A, Exhibit 1, pp. 708); and (4) the Internal Revenue Code (Title 26, United States Code) has no legal effect (*see, e.g.*, "Statement: SECOND NOTICE OF DEFAULT JUDGEMENT with Petition for ORDER FOR DEFAULT JUDGMENT," "Bob's Affidavit and Memorandum + Exhibits" at 14-15).

The United States filed its Response to Respondent's Filings (Docket No. 10), arguing that Respondent's filings did not meet his burden of showing cause why he should not be compelled to comply with the IRS Summons. The United States noted that the District Court threatened to sanction Respondent for advancing similar arguments in an earlier summons enforcement case in 2006. *See id.* at 3.

---

[1] On February 22, 2010, Respondent filed documents styled as "Request for CLARIFICATION" (with attachments, Docket No. 5) and "Submission: MEMORANDUM & NOTICE OF DEFAULT JUDGEMENT - October 26, 2009" (with attachments, Docket No. 6). On March 10, 2010, he filed two more documents styled as "Statement: SECOND NOTICE OF DEFAULT JUDGEMENT with Petition for ORDER FOR DEFAULT JUDGMENT" (Docket No. 8) and "Submission of: DECLARATION OF NAME and Related Documents" (Docket No. 9).

Based on the arguments and representations presented in the United States' Petition to Enforce Internal Revenue Summons and in Respondent's filings enumerated earlier, the undersigned reports the following:

Respondent failed to show cause why he should not be compelled to comply with the Summons. Respondent's documents did not attempt to factually refute the allegations contained in the United States' Petition to Enforce Internal Revenue Summons, and provided only legal arguments that the Court of Appeals for the Tenth Circuit has rejected as patently frivolous. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Accordingly, Respondent failed to meet his burden to show cause why he should not be compelled to comply with the Summons. *See Balanced Fin. Mgmt.*, 769 F.2d at 1444 ("In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." (quotations and citations omitted)).

Consequently, the undersigned recommends that:

1. The District Court find that Respondent has failed to show cause why he should not be compelled to comply with the Summons;

2. The District Court order Respondent to provide the documents requested by the Summons to the IRS on or before the twentieth (20th) day from the date of the District Court's order adopting this Report and Recommendation.

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the

District Judge to whom this case is assigned shall make a *de novo* determination upon the record of any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this 5th day of March 2010.

BY THE COURT:

_____
Samuel Alba, Magistrate Judge
United States District Court